# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

METROPOLITAN GROUP PROPERTY AND
CASUALTY INSURANCE COMPANY,

        *Plaintiff,*

        v.

ELECTROLUX HOME PRODUCTS, INC.,

        *Defendant.*

Civil Action No:
17-cv-11865 (PGS)(DEA)

**MEMORANDUM
AND
ORDER**

    This matter comes before the Court on Defendant Electrolux Home Products, Inc.'s Motion to Dismiss Plaintiff Metropolitan Group Property and Casualty Insurance Company's (hereinafter, "Metlife") Complaint pursuant Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (ECF No. 12). For the reasons discussed herein, Defendant's Motion to Dismiss is granted.

## BACKGROUND

    Metlife, as subrogee to the rights of Carol Russell, brings this products liability case against Electrolux Home Products, Inc. (hereinafter, "Electrolux"), a Delaware corporation with its principal place of business in North Carolina, based on a fire purportedly caused by a dryer it manufactured. (Complaint at ¶ 3). Electrolux is a global company that manufactures home appliances, such as the gas fired clothes dryer at issue in this case. (*Id.* at ¶ 4; ECF No. 12-1 at 4 "Miller Affidavit" at ¶ 5). Electrolux is registered to do business in New Jersey, as well as 27 other states. (Miller Affidavit at ¶ 7). Of its 56,000 employees, only 8 are located in New Jersey, none of whom make strategic corporate-level decisions. (*Id.* at ¶ 5). Moreover, Electrolux does not have any manufacturing facilities, offices, or warehouses in New Jersey. (*Id.* at ¶ 6).

On November 14, 2016, a "hostile fire" occurred at Russell's residence in Nyack, New York, which resulted in Metlife, as Russell's insurer, remitting "substantial payment" to her. (Complaint at ¶ 5). Apparently, Russell owned a gas-fired clothes dryer manufactured by Electrolux, which purportedly caused the fire. (*Id.* at ¶ 8). According to the Complaint, while the dryer was in operation, an accumulation of lint caught fire, which caused the dryer to ignite and burn Russell's residence. (*Id.* at ¶¶ 9, 17). The fire caused significant property damage to Russell's residence, in excess of $100,000. (*Id.* at ¶ 17). Thereafter, Russell subrogated her rights to Metlife, who now brings the present cause of action.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a complaint may be dismissed for lack of personal jurisdiction. "If an issue is raised as to whether a court lacks personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007). "[C]ourts reviewing a motion to dismiss a case for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992). "The plaintiff must sustain its burden of proof through sworn affidavits or other competent evidence." *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d Cir. 1990) (internal quotation marks and citation omitted). Moreover, "the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n.*, 819 F.2d 434, 437 (3d Cir. 1987) (citations omitted).

Under Federal Rule of Civil Procedure 4(k), "a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Marten*, 499 F.3d at 296 (quoting *Provident Nat'l Bank*, 819 F.2d at 437). Pursuant to the New Jersey long-arm rule, N.J. Ct. R. 4:4-4(c), personal jurisdiction in New Jersey "extends to the limits of the Fourteenth Amendment Due Process protection." *Carteret Sav. Bank, FA*, 954 F.2d at 145. Therefore, this Court is "constrained, under New Jersey's long-arm rule, only by the 'traditional notions of fair play and substantial justice,' inhering in the Due Process Clause of the Constitution." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Those notions require that a defendant have certain minimum contacts with the forum state based upon the defendant's own purposeful availment "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

ANALYSIS

Plaintiff contends that general personal jurisdiction exists based on Electrolux's registration to do business in New Jersey and its "systemic and continuous" contacts with the state. Electrolux responds that registration does not create general personal jurisdiction.

"General jurisdiction is based upon the defendant's 'continuous and systematic' contacts with the forum and exists even if the plaintiff's cause of action arises from the defendant's non-forum related activities." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (citation omitted). "For a corporate defendant, the main bases for general jurisdiction are (1) the place of incorporation; and (2) the principal place of business." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. 2016) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). However, *Daimler* also noted that "[a] corporation that operates in many places can scarcely be

3

deemed at home in all of them." *Daimler*, 571 U.S. at 139 n.20. After *Daimler*, courts have recognized that "it is 'incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business.'" *Chavez v. Dole Food Co.*, 836 F.3d 205, 224 (3d Cir. 2016) (citing *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)).

Here, under *Daimler*, the Court lacks general jurisdiction over Electrolux. Electrolux was not incorporated in New Jersey, nor is its principal place of business in this state. "Aside from these exemplar bases, general jurisdiction may arise in the 'exceptional case' where 'a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State.'" *Display Works*, 182 F. Supp. 3d at 173 (quoting *Daimler*, 571 U.S. at 139 n.19). Of Electrolux's 56,000 employees, only 8 are located in New Jersey, none of whom make strategic corporate-level decisions. (Miller Affidavit at ¶ 5). While Plaintiff asserts that Electrolux's advertisements and commercials create general jurisdiction, it is well-established that advertising within a state "does not constitute 'continuous and substantial' contacts with the forum state." *Gehling v. St. George's Sch. of Medicine*, 773 F.2d 539, 542 (3d Cir. 1985). Therefore, because Electrolux's contacts with New Jersey are not so substantial or continuous or systematic, it cannot be found that it is essentially home in this state.

Alternatively, Plaintiff argues that Electrolux consented to general jurisdiction, based on its registration to do business in New Jersey. In *Display Works*, the district court noted that New Jersey's registration statutes do not expressly state that a corporation's registration with the state constitutes consent to personal jurisdiction. 182 F. Supp. 3d at 174-75 (citing N.J.S.A. §§ 14A:4-1(1); 4-2(1), (3); 13-3(1); N.J. Ct. R. 4:4-4(6)). Therefore, the court concluded, "the New Jersey

4

statutory scheme does not permit jurisdiction by consent by virtue of registration to do business here or actually doing business here." *Id.* at 175, 178-79; *Horowitz*, 2018 U.S. Dist. LEXIS 69191, at *35-37; *Boswell*, 2017 U.S. Dist. LEXIS 100708, at *13-15; *see also Dutch Run-Mays Draft, LLC v. Wolf Block, LLP,* 164 A.3d 435, 438 (N.J. Super. App. Div. 2017). As discussed above, to conclude that a corporation consents to personal jurisdiction based solely on registration would be inconsistent with *Daimler*, which reiterated the precedent set forth in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924-25 (2011) that general jurisdiction over a corporation is generally limited to its place of incorporation and principal place of business. *Daimler*, 571 U.S. at 137. More importantly, the Supreme Court also noted that early twentieth century decisions, which followed *Pennoyer's* approach to addressing general jurisdiction over corporations, "should not attract heavy reliance today." *Id.* at 137 n.18. As such, for the reasons discussed above, the Court finds that Electrolux's registration to do business in New Jersey does not create general jurisdiction.

Finally, relying on *Chavez*, 836 F.3d at 222-24, Plaintiff asks the Court to transfer the case "to another district court where personal jurisdiction would actually be present." (Plaintiff's Brief in Opp. at 6). In *Chavez*, the Third Circuit held that the district court erred in refusing to transfer the case, where the plaintiff identified another venue where jurisdiction exists. *Id.* at 223-24. Here, however, Plaintiff has not requested that the Court transfer the matter to any specific district; instead, it asks the Court to make that decision for it. However, under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "[T]he Court has discretion to transfer the case to a district where the suit could have been brought." *Auto. Rentals, Inc. v. Keith Huber, Inc.*, No. 09-6186, 2010 U.S.

Dist. LEXIS 77385, at *4-5 (D.N.J. July 29, 2010) (citing *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 462 (3d Cir. 1995)). The burden of establishing that an action should be transferred is on the party seeking it. *See Roberts Bros., Inc. v. Kurtz Bros.*, 231 F. Supp. 163, 165 (D.N.J. 1964). Here, being that Plaintiff has not presented any alternative venues for which transfer may be appropriate, the Court finds that dismissal is warranted. Plaintiff remains free to refile its suit in the district of its choice.

## ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this ___29___ day of __May__, 2018,

**ORDERED** that Defendant's Motion to Dismiss (ECF No. 12) is **GRANTED**

_____
PETER G. SHERIDAN, U.S.D.J.